# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JERRELL INMAN,<br><br>               Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:08-cv-01867-SMS PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, AND DIRECTING ENTRY OF JUDGMENT<br><br>(Doc. 11)<br><br>ORDER COUNTING DISMISSAL AS A STRIKE UNDER 28 U.S.C § 1915(G) |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Ronald Jerrell Inman (Plaintiff), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 5, 2008. Plaintiff filed an amended complaint as a matter of right on March 10, 2009. Fed. R. Civ. P. 15(a).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

## II. Plaintiff's Claim

Plaintiff's claim arises out of the loss of his personal property at the California Substance Abuse Treatment Facility and State Prison in Corcoran. Plaintiff's property was placed in storage boxes on December 1, 2005, by Correctional Officer E. Tripp when Plaintiff left the institution for court proceedings. When Plaintiff returned on July 10, 2007, he was informed that his property could not be located. Plaintiff appealed the property loss via the prison's grievance procedure and while a small percentage of his missing property was replaced with used items, the majority was never replaced or reimbursed. Plaintiff seeks to impose liability under section 1983 against Officer Tripp, Warden Kenneth Clark, Sergeant B. Piper, and Appeals Coordinators R. Hall and N. Grannis for refusing to replace the property lost by prison staff during Plaintiff's absence from the institution.

Section 1983 claims must be premised on the violation of the Constitution or other federal rights. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, the Due Process Clause is not violated by a random, unauthorized deprivation of property if the state provides an adequate post-deprivation remedy.

Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Plaintiff has an adequate post-deprivation remedy under California law and therefore, his attempt to pursue a claim under federal law for the loss of his property fails as a matter of law. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

### III.  Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Because the deficiency is not capable of being cured through amendment, dismissal without leave to amend is appropriate. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim. The Clerk's Office shall enter judgment against Plaintiff, and this dismissal shall count as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   August 25, 2010**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE